UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
KENNETH WYNDER,

                  Plaintiff,

   -against-

JAMES MCMAHON, DAVID SPAHL,
ROBERT JONES, LOUIS B. BARBARIA,
CRAIG MASTERSON, JOSH KEATS,
Individually, and John Doe employees one
through ten of the New York State Police,

                  Defendants.
---------------------------------------------------x

MEMORANDUM AND ORDER
99-CV-772 (ILG)

GLASSER, United States District Judge:

In this action, plaintiff, a former New York State Trooper, alleges principally that he was discriminated against in employment on the basis of race in violation of federal and state law. Pending before the Court are plaintiff's motion for a default judgment pursuant to Federal Rule of Civil Procedure 55(b) and defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6).

## **FACTS**

Plaintiff commenced this action on February 9, 1999. At that time, the case was assigned to Judge Trager. Defendants moved to dismiss plaintiff's complaint and Judge Trager granted that motion on January 24, 2000, permitting plaintiff to amend his complaint withing 60 days. Plaintiff then filed a First Amended Complaint ("FAC")[1] on

---

[1] According to defendants, the FAC was largely identical to the original complaint except that it asserted an additional claim of perjury against an additional defendant. See Def. Opp. at 3.

1

March 31, 2000 and, in October 2000, the defendants moved to dismiss that complaint on the same grounds asserted in their previous motion. In a Memorandum and Order dated December 18, 2000, Judge Trager granted the motion and dismissed the FAC, granting plaintiff leave to replead. On January 26, 2001, plaintiff filed a Second Amended Complaint ("SAC"). Having received permission from Judge Trager, defendants filed another motion to dismiss the SAC (the same motion submitted previously) in February 2002. In August 2002, Judge Trager granted that motion without prejudice pursuant to Federal Rule of Civil Procedure 41(b)[2] based on plaintiff's failure to comply with the Court's order that he particularize his allegations against each defendant and clearly state the nature of those allegations. See Docket Entry No. 64. Judge Trager did not grant plaintiff leave to replead.

Plaintiff appealed from that order of dismissal. In a decision filed on March 1, 2004, the Second Circuit considered (1) whether the district court was correct in requiring that plaintiff's complaint meet a higher pleading standard than that set forth in Rule 8(a) on penalty of dismissal and (2) whether plaintiff's SAC satisfied the requirements of Rule 8(a). See Wynder v. McMahon, No. 02-9101 ("Wynder I"). The Second Circuit held that the district court erroneously ordered plaintiff, on penalty of dismissal pursuant to Rule 41(b), to file a complaint that exceeded the notice pleading standard of Rule 8(a) and that the SAC satisfied the requirements of Rule 8. Id. at 10, 12. The Court concluded that plaintiff "should be permitted to proceed on his second amended complaint." Id. at 13. The Court also noted, however, that its holding did not

---

[2] That Rule permits involuntary dismissals "[f]or failure of the plaintiff to prosecute or to comply with ... [an] order of court."

mean "all aspects of the complaint will ultimately survive dismissal," given the distinction between the standards for Rule 8(a) and Rule 12(b)(6), and left to the district court's discretion striking portions of the complaint pursuant to Rule 12(f). Id. Accordingly, the Second Circuit vacated Judge Trager's decision granting defendants' motion to dismiss and remanded the case to the district court.

The mandate from the Second Circuit was entered on the docket on March 25, 2004. See Docket Entry No. 74. The parties met with Magistrate Judge Cheryl L. Pollak on May 5, 2004. At that meeting, Judge Pollak ordered plaintiff to file, if he so desired, a proposed amended complaint by May 24 and defendants to inform the court whether they would be answering the complaint or making a motion to dismiss the complaint at a conference to be held on June 3. Plaintiff then filed a Third Amended Complaint ("TAC") on May 28, 2004 (Docket Entry No. 79), which, following a conference with Judge Pollak, was deemed filed nunc pro tunc as of May 25, 2004. At a conference with Judge Pollak on January 7, 2005, defendants were ordered to serve any motion to dismiss by February 28.

On March 15, 2005, plaintiff moved for a default judgement under Rule 55 based on defendants' failure to answer the complaint. For the fourth time in this litigation, defendants moved to dismiss plaintiff's complaint. The Court turns to the parties' arguments regarding those motions.

## **DISCUSSION**

In moving for a default judgment, plaintiff contends that defendants' failure to answer the complaint after they were served with the Second Circuit's decision in Wynder I in March 2004 constitutes a default. See Pl. Mem. at 4 ¶ 6. In opposition,

3

defendants argue that they have not defaulted because they moved to dismiss the TAC pursuant to Rule 12(b)(6) in lieu of filing an answer to that pleading. Although defendants' motion to dismiss is dated February 28, 2005, they filed and served it on March 15, 2005. They concede that their motion was untimely according to Judge Pollak's order that such a motion be filed by February 28, 2005, but claim that their delay resulted from an inadvertent filing error. <u>See</u> Def. Opp. at 6 n.2. In a letter to the Court accompanying the motion when it was filed on March 15, defense counsel explained that although she thought the motion had been properly filed pursuant to the electronic case filing system, she realized on or around March 14 that it had not been filed. The Court considers that letter to be a motion under Rule 6(b) to enlarge the time by which to file the motion to dismiss. Accordingly, the Court deems the Rule 12(b)(6) motion to have been filed <u>nunc</u> <u>pro</u> <u>tunc</u> on February 28, 2005. Having found that defendants' motion to dismiss was timely filed, the Court also finds that defendants properly moved to dismiss plaintiff's complaint in lieu of filing an answer as Rule 12(b) plainly permits them to do. Accordingly, the Court denies plaintiff's motion for a default judgment against defendants.

## **CONCLUSION**

For the reasons stated above, the Court denies plaintiff's motion for a default judgment. In view of the Court's decision that defendants' motion to dismiss was timely filed, plaintiff will have the opportunity to oppose that motion if he wishes.

SO ORDERED.

Dated: September 7, 2005
     Brooklyn, New York

_____

I. Leo Glasser
                                                            United States District Judge

Copies of the foregoing were sent on this day to:

Richard J. Merritt
2 Birs Avenue
Lindenhurst, NY 11757

Susan Odessky
New York State Office of the Attorney General
120 Broadway
New York, NY 10271