UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x

Kenneth WYNDER,

                Plaintiff,

   -against-

James MCMAHON, et al,

                Defendants.

-------------------------------------------------x

<u>MEMORANDUM AND ORDER</u>
99- CV- 772

GLASSER, United States Senior District Judge:

On June 19, 2007, Magistrate Judge Pollak issued an order lifting a previously granted stay of discovery in this matter, which had been in effect pending this Court's resolution of the defendants' motions to dismiss the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12"). The following day, the defendants filed a motion with this Court, seeking to re-impose the stay of discovery until the Rule 12(b)(6) motions have been resolved. The defendants' motion to re-impose the stay of discovery is hereby denied.

The defendants' motion is styled as one for a protective order pursuant to Federal Rule of Civil Procedure 26(c), and assumes that this Court is entitled to evaluate the merits of the defendants' request for a stay of discovery <u>de novo</u>. However, the defendants' motion is in actuality, though not in form, an objection to Magistrate Pollak's July 19 order pursuant to Federal Rule of Civil Procedure 72(a) ("Rule 72"), over which this Court cannot exercise plenary review. Having delegated supervision of discovery in this case to Judge Pollak, this Court may reverse her orders on non-

1

dispositive motions, including the defendants' request for an extended stay of discovery, only where those orders are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Rule 72(a) imposes a "highly deferential standard of review," <u>Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A.</u>, No. 02-CV-795, 2005 WL 551092, at *1 (S.D.N.Y. March 9, 2005), pursuant to which "the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is 'left with the definite and firm conviction that a mistake has been committed.'" <u>Nielsen v. New York City Dep't of Educ.</u>, No. 04-CV-2182, 2007 WL 1987792, at *1 (E.D.N.Y. July 5, 2007) (Garaufis, J.) (slip copy). Having reviewed Magistrate Pollak's order lifting the stay of discovery, this Court is not left with a "definite and firm conviction that a mistake [was] committed" in that decision. This case has been pending for nearly eight years, and the defendants' current Rule 12(b)(6) motions have been awaiting resolution for nearly three years. Under such circumstances, Judge Pollak acted well within her discretion in directing that discovery commence so that the case will move toward a resolution in the event that this Court does not grant the defendants' motions to dismiss the Third Amended Complaint in its entirety.

The defendants' motion to overrule Judge Pollak's order and re-impose the stay of discovery previously in place is therefore DENIED.

SO ORDERED.

Dated:     Brooklyn, New York
           January 8, 2008

           _____/s/_____

           I. Leo Glasser
           United States Senior District Judge


Copies of the foregoing memorandum and order were electronically sent to:

Counsel for the Plaintiff

Richard J. Merritt
2 Birs Avenue
Lindenhurst, NY 11757

Counsel for the Defendant

Susan Hull Odessky
NYS Office of the Attorney General
120 Broadway
New York, NY 10271