UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KENNETH WYNDER,

        Plaintiff,                        Memorandum and Order
                                             99 Civ. 0772

    - against -

JAMES McMAHON, et al.

        Defendants.
------------------------------------------------------------x
GLASSER, United States District Judge:

        This case has been pending for more than twelve years, delayed, in large part, by plaintiff's numerous amendments to the Complaint and frequently incoherent filings. Plaintiff's present objection is no exception. On January 5, 2012, Magistrate Judge Pollak issued a Memorandum and Order (the "January 5 Order") (Dkt. No. 217), denying plaintiff's motion to file a Fourth Amended Complaint (Dkt. No. 206) and denying in part and granting in part plaintiff's motion to compel discovery (Dkt. No. 202). On January 14, 2012, plaintiff filed objections to the January 5 Order. See Plaintiff's Objections to Order of Hon. Mag. Pollak ("Pl.'s Obj.") (Dkt. No. 218).

        Pursuant to Federal Rule of Civil Procedure 72 and the Federal Magistrate's Act, 28 U.S.C. §§ 631–639 (2006), a court reviews, upon objection, a non-dispositive order of a magistrate judge and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). Clear error may be found if, "on the entire evidence" the Court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 235, 121 S. Ct. 1452, 149 L. Ed. 2d 430 (2001) (internal quotation omitted). "This

1

standard is 'highly deferential,' 'imposes a heavy burden on the objecting party,' and 'only permits reversal where the magistrate judge abused his discretion.'" Summa v. Hofstra University, 715 F. Supp. 2d 378, 384 (E.D.N.Y. 2010) (quoting Mitchell v. Century 21 Rustic Realty, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." MacNamara v. City of New York, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

Having reviewed the January 5 Order, this Court is not left with a "definite and firm conviction that a mistake [was] committed" in that decision. Petitioner sought to amend his Third Amended Complaint to include New York State as a defendant. This issue was decided by this Court more than three years ago, by a Memorandum and Order dated August 27, 2008 (the "August 27 Order") (Dkt. No 141).[1] Accordingly, Judge Pollak denied the motion.

Through this objection, Plaintiff now seeks a fourth bite at the apple, arguing the August 27 Order was "based on misleading information supplied to the Court by Defendants," and therefore ought to be reversed. Pl.'s Obj. ¶ 1. Plaintiff contends his extreme delay in amending is justified because he suffers memory loss and therefore is

---

[1] [T]he Court will not permit the plaintiff to revise the Complaint yet again to name the State of New York or the NYSP as defendants to the Title VII claims. As the defendants point out, the plaintiff has been on notice of the fact that Title VII claims are not cognizable against individual defendants since the defendants' first motion to dismiss the original complaint in 1999. (See Def. Mem. at 56 n. 3.) A modest amount of legal research could have confirmed this, yet despite amending the complaint three times since the first motion to dismiss was filed, the plaintiff never sought to add the appropriate defendants for the Title VII claims. The Court therefore is not inclined to delay these proceedings further by permitting the plaintiff to amend the complaint yet again to correct this error when he has already wasted several opportunities to do so.

August 27 Order at 39 n.29.

unable to assist counsel and Defendants "obstructed discovery from 1999 to 2009," id. ¶ 12, "preventing Plaintiff from knowing the involvement of the employer in discrimination." Id. ¶ 2; see also id. ¶¶ 5-7, 9.

First, Plaintiff has provided absolutely no evidence to substantiate his memory loss.  The submitted medical statements in fact, state the contrary: that plaintiff "constantly and obsessively thinks about the alleged incidents as a state trooper." Id. Ex. 2.  Second, as the Court noted in the August 27 Order, plaintiff has been on notice since at least 1999 that, as a matter of law, New York State was a proper party.  The relationship between New York State, the New York State Police, and the defendants has been clear from the outset; plaintiff squandered numerous opportunities to amend the Complaint to name New York State; and defendants' alleged spoliation and obstruction is simply irrelevant to this issue.  The Court sees no reason to revisit the August 27 Order.  If Plaintiff insists on multiplying these claims for relief, the Court will consider sanctions pursuant to 28 U.S.C. § 1927.[2]

Plaintiff also objects, without explanation, to Judge Pollak's ruling on plaintiff's motion to compel.  Regarding documents related to Internal Investigations Cases # 97-0098 and #97-0109, defendants represented that no written reports of the investigations exist.  Judge Pollak ordered defendants to either submit an affidavit to that effect or produce the records for in camera inspection.  Defendants submitted an appropriate affidavit.  See Affidavit of Anthony G. Ellis II dated January 18, 2012 (Dkt.

---

[2] Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
28 U.S.C. § 1927.

3

No. 219). Plaintiff does not state what, if any, additional relief he seeks. Regarding granting "the right to review the interim investigations numbered 97-099, 100, 101, 102, 103, 104, 105, 106, 107 in the IAB files," Pl.'s Obj. ¶ 18, plaintiff's motion to compel made no mention of these documents and the January 5 Order does not address this matter. Plaintiff's objection is therefore premature.

For the foregoing reasons, plaintiff's motion is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
January 31, 2012

_____/s/_____

I. Leo Glasser

United States Senior District Judge

4