UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KENNETH WYNDER,

        Plaintiff,                             Memorandum and Order
                                                      99 Civ. 0772

   - against -

JAMES McMAHON, et al.

        Defendants.
----------------------------------------------------------x
GLASSER, United States District Judge:

      On February 15, 2012, Kenneth Wynder ("plaintiff") filed a motion for reconsideration of the Court's Memorandum and Order dated January 31, 2012 (the "Jan. 31 Order") (Dkt. No. 222), affirming Magistrate Judge Pollak's denial of plaintiff's request to amend the complaint for a fourth time to include New York State as a defendant. See Motion to Amend the Complaint (Dkt. No. 206). This motion must be denied. As far as the Court can discern, plaintiff is not seeking reconsideration of the Jan. 31 Order but is instead asking the Court to revisit the dismissal of plaintiff's Title VII claim against defendant Superintendent James McMahon ("McMahon"), a matter that was not raised in plaintiff's motion to amend and was decided more than three years ago. See Memorandum & Order dated August 27, 2008 ("Aug. 27 Order") at 39 (Dkt. No. 141).

      This request is not only unripe, it is utterly without merit. Plaintiff appears to be under the baffling misapprehension that his Title VII claim against McMahon was

1

dismissed because he failed to demonstrate that McMahon acted as an employer.[1] This has never been at issue. Plaintiff's Title VII claim against McMahon was dismissed because binding Second Circuit precedent prohibits Title VII claims against individuals, even when sued in their official capacity, and courts will not construe Title VII claims against individuals as claims against the State. The Court carefully reviewed this controlling precedent in its Aug. 27 Order, see id. at 30-39, and it remains settled law in this circuit. See Sassaman v. Gamache, 566 F.3d 307 (2d. 2009) (reaffirming dismissal against an individual defendants because "individuals are not subject to liability under Title VII." (citing Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir.2004) )).

In the Jan. 31 Order, the Court specifically cautioned plaintiff that if he continued to file vexatious and duplicative claims for relief, the Court would consider sanctions pursuant to 28 U.S.C. § 1927—a caution that went unheeded. See Jan 31. Order at 3 & n.2. Title 28 U.S.C. § 1927 authorizes sanctions "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose," and upon "a finding of conduct constituting or akin to bad faith." Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009) (citing 60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th St. Equities, Inc.), 218 F.3d 109, 115 (2d Cir. 2000) (internal quotation marks omitted)). Plaintiff's motion for reconsideration falls well within these bounds. The motion fails to address the matter at issue, raises unripe and frivolous legal arguments, and was clearly prepared without regard for the

---

[1] "The 3rd amended complaint was drafted prior to any discovery in this litigation and before this Court decided to dismiss the Title VII claim in its decision dated 8/27/2008. . . . The Court mistakenly believed Superintendent McMahon was not the employer and that Plaintiff failed to name the employer in his 3rd Amended Complaint." Pl.'s Mem. of Law in Supp. Of Mot. at 2 (Dkt. No. 224). "This Court is being asked to revisit and re-consider dismissal of the Title VII claim in light of the deposition testimony of Superintendent McMahon establishing his delegated authority to act as employer." Id. at 7.

2

rules of this Court[2] or this Court's prior orders. The motion is, unfortunately, characteristic of plaintiff's filings in this case.

Before imposing sanctions, the Court must provide notice and an opportunity to be heard. Gollomp, 568 F.3d at 368. This requires that the party facing possible sanctions receive notification of (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered. Id. (citation omitted). With regard to the opportunity to be heard, depending on the circumstances, "a full evidentiary hearing is not required, and the opportunity to respond by brief or oral argument may suffice." Id. (quotation omitted).

Plaintiff is directed to respond in writing on or before March 2, 2012, setting forth the reasons, if any, why counsel should not be required to personally satisfy, pursuant to 28 U.S.C. § 1927, defendants' costs and attorney's fees incurred in responding to the motion for reconsideration.

**SO ORDERED.**

Dated: Brooklyn, New York
 February 22, 2012

_____/s/_____

I. Leo Glasser

United States Senior District Judge

---

[2] Pursuant to Rule 6.5 of the Local Civil Rules for the Southern and Eastern Districts of New York, "There shall be served with the notice of motion [for reconsideration] a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked. . . . No affidavits shall be filed by any party unless directed by the Court." Plaintiff's motion and supporting fillings exceed 100 pages, including a thirteen page affidavit with 90 pages of exhibits.