UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KENNETH WYNDER,

        Plaintiff,                             Memorandum and Order
                                                         99 Civ. 0772

      - against -

JAMES McMAHON, et al.

        Defendants.
-----------------------------------------------------------x
GLASSER, United States District Judge:

      On August 17, 2011, plaintiff Kenneth Wynder ("Wynder" or "plaintiff") moved to amend his complaint for a fourth time to include New York State as a defendant. See Motion to Amend the Complaint (Dkt. No. 206). Plaintiff's motion was denied by Magistrate Judge Pollak on the grounds that it was barred by this Court's August 27, 2008 decision, see Memorandum and Order dated August 27, 2008 (Dkt. No. 141) ("Aug. 27 Order"), and—even if it were not—plaintiff failed, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to provide a satisfactory justification for his inordinate delay in amending the complaint. Memorandum and Order dated January 5, 2012 (Dkt. No. 217) at 3-5. On January 14, 2012, plaintiff filed an objection. See Plaintiff's Objections to Order of Hon. Mag. Pollak (Dkt. No. 218). On January 31, 2012 the Court affirmed Magistrate Judge Pollack's denial of plaintiff's request to include New York State as a defendant. See Memorandum and Order dated January 31, 2012 (Dkt. No. 222) ("Jan. 31 Order"). The Court noted it had decided this issue more than three years previously and plaintiff had provided no justification for the delay in amending:

1

> [P]laintiff has been on notice since at least 1999 that, as a matter of law, New York State was a proper party. The relationship between New York State, the New York State Police, and the defendants has been clear from the outset; plaintiff squandered numerous opportunities to amend the Complaint to name New York State; and defendants' alleged spoliation and obstruction is simply irrelevant to this issue. The Court sees no reason to revisit the August 27 Order.

Id. at 3. The Court cautioned plaintiff that if he continued to file vexatious and duplicative claims for relief, the Court would consider sanctions pursuant to 28 U.S.C. § 1927. Id.

Heedless of this warning, plaintiff then filed a Motion for Reconsideration. See Plaintiff's Motion for Reconsideration dated February 14, 2012 (Dkt. No 224). In that motion, plaintiff did not address the Jan. 31 Order or the issue of adding New York State as a party. Instead, plaintiff sought to reinstate his Title VII claim against Superintendent James McMahon ("McMahon"). Those claims were dismissed with prejudice by the Aug. 27 Order and had not been raised in plaintiff's Motion to Amend the Complaint. Plaintiff's motion and supporting materials included a thirteen page affidavit with 90 pages of exhibits, in violation of the Court's rules. The Court, noting that plaintiff's motion for reconsideration failed to address the matter at issue, raised unripe and frivolous arguments, and was prepared without regard for the rules, denied the motion and ordered plaintiff's counsel to show cause why he should not be required to personally satisfy defendants' costs and attorney's fees, pursuant to 28 U.S.C. § 1927. See Memorandum and Order dated February 22, 2012 (Dkt. No. 228) ("Feb. 22 Order") at 2-3.

Under title 28 U.S.C. § 1927, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

2

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions are appropriate "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose," and upon "a finding of conduct constituting or akin to bad faith." Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009) (citing 60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th St. Equities, Inc.), 218 F.3d 109, 115 (2d Cir. 2000) (internal quotation marks omitted)). The Court does not consider sanctions lightly, well-aware that the imposition of sanctions has the potential to create a chilling effect upon legitimate claims:

> Any regime of sanctions for a lawyer's role in the course of representing a client inevitably has implications for the functioning of the adversary process. If the sanction regime is too severe, lawyers will sometimes be deterred from making legitimate submissions on behalf of clients out of apprehension that their conduct will erroneously be deemed improper. On the other hand, if the sanction regime is too lenient, lawyers will sometimes be emboldened to make improper submissions on behalf of clients, confident that their misconduct will either be undetected or dealt with too leniently to matter.

In re Pennie & Edmonds LLP, 323 F.3d 86, 90-91 (2d Cir. 2003).

In opposition to sanctions, plaintiff's counsel has submitted a brief re-arguing the same issues raised in the Motion for Reconsideration. Again, plaintiff argues that the Aug. 27 Order was erroneously decided because the Court, "misconstrued the allegations naming McMahon in his official capacity as being claims against the individual," Pl.'s Opposition to Sanctions (Dkt. No. 231) at 7,[1] and seeks to amend the complaint to

---

[1] This is the second time plaintiff's counsel has made this false claim. See Plaintiff's Memorandum of Law in Support of Motion for Reconsideration (Dkt. No. 224) at 2 ("The Court

3

reinstate plaintiff's Title VII claims against McMahon. Once again, the Court is compelled to repeat that the Aug. 27 Order addressed plaintiff's claims against McMahon in his official capacity and engaged in a detailed and lengthy analysis of controlling precedent regarding such Title VII claims. See Aug. 27 Order at 30-39. Contrary to counsel's suggestion, the fact that the Supreme Court has not specifically considered this issue does not render Second Circuit precedent without effect. Counsel did not timely appeal the Aug. 27 order and provides no justification for his delay in addressing this issue. Counsel has shown no changes in controlling law that would warrant reconsideration three and a half years later. Counsel fails even to acknowledge that his Aug. 17 Motion was one to add New York State as a defendant and that the issue of plaintiff's Title VII claims was not properly brought before the Court.

Rather than offer a justification for his duplicative claims for relief or an explanation for his improperly brought motion to amend the complaint, counsel resorts to accusations against defendants and the Court. Plaintiff's counsel submitted an affidavit from his client seeking recusal and accusing the Court of impropriety in considering sanctions. See Affidavit of Kenneth Wynder dated February 25, 2012, ¶¶ 24-25 ("I therefore respectfully request a review by a Judge who can independently assess the record in this case to determine what is proper in the interests of justice. I believe this Court has demonstrated undue influence from the New York Attorney General and because this fact [sic] is proven by two dismissals and two remands."). Counsel also argues—without any explanation—that the Court should bring sanctions against the defendants. Pl.'s Opp. to Sanctions at 7.

---

mistakenly believed Superintendent McMahon was not the employer and that Plaintiff failed to name the employer in his 3rd Amended Complaint.").

In light of the foregoing, the Court is compelled to impose sanctions.[2]  Plaintiff has exhibited a thorough disregard for the Court's rules, repeatedly mischaracterized the Court's prior decisions, presented arguments that are not properly before the Court and are duplicative, and, finally, resorted to baseless allegations of impropriety.  The Court can only conclude that plaintiff's Motion for Reconsideration was filed in bad faith for no other purpose than to unnecessarily prolong the proceedings.  Plaintiff's counsel shall personally reimburse defendants for the costs of responding to plaintiff's motion for reconsideration.  Defendants' counsel shall submit an affidavit listing the costs and expenses, if any, incurred in responding to that motion and a time sheet recording their services.

**SO ORDERED**

Dated: Brooklyn, New York
May 1, 2012

__/s/_____

I. Leo Glasser

United States Senior District Judge

---

[2] In doing so, the Court emphasizes these sanctions are grounded solely on plaintiff's Motion for Reconsideration and Opposition to Sanctions.  Though unsuccessful, plaintiff's Motion to Amend to add New York State as a party was not so frivolous as to warrant sanctions.  Although the Court cautioned in a footnote to the Aug. 27 Order that it would not permit such an amendment, no motion to amend had been made at that time and, as the Court noted in the Order, Title VII claims may be brought against New York State.  Aug. 27 Order at 30 ("Had Mr. Wynder named the State of New York or the NYSP directly as defendants to the Title VII claim, it is . . . beyond question that they could potentially be liable to him for violations of that statute . . . .").